The State *v.* Hartman.

---

THE STATE *v.* HARTMAN.

COSTS. *Nol. pros.* Where a *nol. pros.* is entered to an indictment upon condition that the "defendant pay the costs of the cause," he is not liable for the State and county tax on the suit. These must be expressly mentioned in the agreement to make him liable.

---

FROM WASHINGTON.

---

Appeal in error from the Circuit Court of Washington county. NEWTON HACKER, J.

ATTORNEY-GENERAL LEA for the State.

S. J. KIRKPATRICK for Hartman.

FREEMAN, J., delivered the opinion of the court.

The defendant had been convicted of disturbing public worship, but, on motion for new trial, the verdict was set aside. Thereupon the attorney-general agreed, and did enter a *nolle prosequi*, on defendant's paying or securing the costs of the case.

In the bill of costs is found State tax $5.00, and same county tax. It is now insisted these items should have been stricken out, and are not properly included in the agreement to pay the costs of the case. It has been held that these items are not strictly costs, but are taxes, part of the revenue of the State, the court saying: "It is not a necessary part of the expenses incident to the suit, but is imposed by the Legislature as a specific tax, upon un-

Railroad Company *v.* Swaney.

successful litigants, for the purpose of raising revenue for the State. *State* v. *Nance,* 1 Lea, 645. This was approved in *State* v. *Stanley,* 3 Lea, 525. This being settled, unless we overrule this view, it follows that an agreement to pay costs of a case is not an agreement to pay the tax levied by the State on litigants, though it may be incidentally collected as an item in the bill of costs as made out in such cases. The mode of collection does not change the nature of the thing, nor make it costs of the cause in the sense of the law as thus expounded.

Affirm the judgment.